UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDEL FIGUEROA,<br><br>Plaintiff<br><br>v.<br><br>NEW YORK LIFE INSURANCE COMPANY, NEW YORK LIFE GROUP BENEFIT SOLUTIONS, LIFE INSURANCE COMPANY OF NORTH AMERICA, AND BRADFORD & BIGELOW, INC. GROUP POLICY,<br><br>Defendants | CIVIL ACTION NO. 23-10782 |

## ANSWER TO THE COMPLAINT

Defendant, Life Insurance Company of North America ("LINA") respectfully answers the corresponding paragraphs in the Plaintiff's Complaint as follows:

1. New York Life Insurance Company ("New York Life"), New York Life Group Benefit Solutions ("NYLGBS") and the Bradford & Bigelow, Inc. Group Policy, were dismissed from this case by stipulation dated May 25, 2023 (Document 7). LINA states that LINA issued group long-term disability policy number SGM-606382 to the Trustee of the Group Insurance Trust for Employers in the Manufacturing Industry to which Bradford & Bigelow, Inc. was a subscriber (the "LTD Policy"), which funds long-term disability benefits under Bradford & Bigelow, Inc.'s Health and Welfare Plan ("Plan") to the extent provided for in the LTD Policy. LINA also states that LINA issued group life insurance policy number VDT-601502 to Bradford & Bigelow, Inc. (the "Life Policy"), which funds life insurance benefits under the Plan. LINA admits Plaintiff was a

1

participant in the Plan. LINA denies that LINA administers the Plan or that LINA is the Plan Administrator for the Plan. LINA states that LINA processes benefit claims under the Plan. LINA denies the remaining allegations contained in Paragraph 1.

2. LINA lacks knowledge or information sufficient to form a belief as to the reason Plaintiff filed suit and therefore denies the same. Further, the allegations contained in Paragraph 2 are legal conclusions to which a response is not required.

3. The allegations contained in Paragraph 3 are legal conclusions to which a response is not required. To the extent the allegations in Paragraph 3 are deemed to allege facts, they are denied.

4. The allegations contained in Paragraph 4 are legal conclusions to which a response is not required. To the extent the allegations in Paragraph 4 are deemed to allege facts, they are denied.

5. The allegations contained in Paragraph 5 are legal conclusions to which a response is not required. LINA does not dispute jurisdiction.

6. LINA admits Plaintiff exhausted his administrative remedies for his long-term disability claim. LINA denies that Plaintiff exhausted his administrative remedies for his waiver of life insurance premium claim. The remaining allegations contained in Paragraph 6 are legal conclusions to which a response is not required.

7. The allegations contained in Paragraph 7 are legal conclusions to which a response is not required. LINA does not dispute venue.

**PARTIES**

8. LINA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 8 and therefore denies the same.

      The remaining allegations in Paragraph 8 are legal conclusions to which a response is not required. LINA does not dispute that Plaintiff was a participant in the Plan at the time he applied for benefits.

9. LINA admits New York Life is a for-profit corporation with a principal place of business in New York, New York and states that New York Life was dismissed from this case by stipulation dated May 25, 2023 (Document 7). LINA denies the remaining allegations contained in Paragraph 9.

10. LINA denies the allegations contained in Paragraph 10. LINA further states that NYGBS was dismissed from this case by stipulation dated May 25, 2023 (Document 7).

11. LINA admits it is a for profit insurance company with a principal place of business in Philadelphia, Pennsylvania. LINA admits it transacts business in Massachusetts. LINA admits that it has an office in Massachusetts. LINA admits that it is responsible for processing long-term disability and waiver of life insurance premium benefit claims under the Plan and making a final determination as to Plaintiff's eligibility for benefits. LINA denies that it administers the Plan or is the Plan Administrator. LINA denies the remaining allegations contained in Paragraph 11.

12. The allegations contained in Paragraph 12 are legal conclusions to which a response is not required. To the extent Paragraph 12 is deemed to allege facts, they are denied.

13. The allegations contained in Paragraph 13 are legal conclusions to which a response is not required.

14. LINA denies the allegations contained in Paragraph 14. LINA states that LINA issued group long-term disability policy number SGM-606382 to the Trustee of the Group Insurance Trust for Employers in the Manufacturing Industry to which Bradford &

       Bigelow, Inc. was a subscriber (the "LTD Policy"), which funds long-term disability benefits under Bradford & Bigelow, Inc.'s Health and Welfare Plan ("Plan") to the extent provided for in the LTD Policy. LINA also states that it issued group life insurance policy number VDT-601502 to Bradford & Bigelow, Inc. (the "Life Policy"), which funds life insurance benefits under the Plan. LINA further states that at the time he stopped working, Plaintiff was a participant in the Plan.

15. LINA denies the allegations contained in Paragraph 15. LINA states that LINA issued the LTD Policy to the Trustee of the Group Insurance Trust for Employers in the Manufacturing Industry to which Bradford & Bigelow, Inc. was a subscriber and that LINA issued the Life Policy to Bradford & Bigelow, Inc.

16. LINA admits the allegations contained in Paragraph 16.

17. LINA admits there are Plan documents and states that the documents speak for themselves but denies the allegations contained in Paragraph 17 to the extent they are inconsistent with the documents.

18. LINA admits there are Plan documents and states that the documents speak for themselves but denies the allegations contained in Paragraph 18 to the extent they are inconsistent with the documents.

19. The allegations contained in Paragraph 19 are legal conclusions to which a response is not required. To the extent Paragraph 19 is deemed to allege facts, they are denied.

20. The allegations contained in Paragraph 20 are legal conclusions to which a response is not required. To the extent Paragraph 20 is deemed to allege facts, they are denied.

21. The allegations contained in Paragraph 21 are legal conclusions to which a response is not required. To the extent Paragraph 21 is deemed to allege facts, they are denied.

22. The allegations contained in Paragraph 22 are legal conclusions to which a response is not required. To the extent Paragraph 22 is deemed to allege facts, they are denied.

23. LINA admits there are Plan documents and states that the documents speak for themselves but denies the allegations contained in Paragraph 23 to the extent they are inconsistent with the documents. Further, the allegations contained in Paragraph 23 are legal conclusions to which a response is not required.

24. The allegations contained in Paragraph 24 are legal conclusions to which a response is not required. To the extent Paragraph 24 is deemed to allege facts, they are denied.

25. LINA admits the allegations contained in Paragraph 25.

26. LINA lacks knowledge or information sufficient to form a belief as to the reason Plaintiff ceased work and therefore denies the allegations contained in Paragraph 26.

27. LINA admits the allegations contained in Paragraph 27.

28. LINA admits it paid Plaintiff LTD benefits through August 20, 2017 based on the terms of the Plan. LINA denies the remaining allegations contained in Paragraph 28.

29. LINA admits that by letter dated April 28, 2017, it terminated Plaintiff's benefits effective August 21, 2017. LINA denies the remaining allegations contained in Paragraph 29.

30. LINA admits the allegations contained in Paragraph 30.

31. The allegations contained in Paragraph 31 are legal conclusions to which a response is not required. To the extent Paragraph 31 is deemed to allege facts, they are denied.

32. LINA admits Plaintiff appealed the decision to terminate his long-term disability benefits. LINA denies the remaining allegations contained in Paragraph 32.

33. LINA admits it upheld the termination of Plaintiff's long-term disability benefits by letter dated May 8, 2018. LINA denies the remaining allegations contained in Paragraph 33.

34. LINA admits Plaintiff, through counsel, requested a second-level appeal of LINA's decision to terminate Plaintiff's claim for long-term disability benefits. LINA denies Plaintiff appealed the decision to terminate his life insurance waiver of premium benefits. LINA admits there is correspondence dated November 8, 2018 and states that the document speaks for itself but denies the allegations contained in Paragraph 34 to the extent they are inconsistent with the documents.

35. LINA admits Plaintiff submitted medical records and reports with the November 8, 2018 correspondence. LINA denies the remaining allegations contained in Paragraph 35. In addition, LINA states that the November 8, 2022 letter is not part of the administrative record subject to judicial review in this case.

36. LINA admits there is correspondence dated November 28, 2018 and states that the document speaks for itself but denies the allegations contained in Paragraph 36 to the extent they are inconsistent with the documents.

37. LINA denies the allegations contained in Paragraph 37. LINA states that LINA received correspondence dated February 8, 2022 from Plaintiff's counsel.

38. LINA admits there is correspondence from Plaintiff's counsel dated February 8, 2022 and states that the document speaks for itself but denies the allegations contained in Paragraph 38 to the extent they are inconsistent with the document. In addition, LINA states that the February 8, 2022 letter is not part of the administrative record subject to judicial review in this case.

39. LINA denies the allegations contained in Paragraph 39.

40. LINA admits New York Life did not perform a vocational assessment because New York Life was not involved in Plaintiff's claim. LINA states that LINA performed a vocational

assessment.

41. LINA admits New York Life never requested Plaintiff undergo an in-person evaluation because New York Life was not involved in Plaintiff's claim. LINA states that there are Plan documents and that the documents speak for themselves but denies the allegations regarding what is provided for by the Plan documents to the extent they are inconsistent with the Plan documents. LINA denies the remaining allegations contained in Paragraph 41.

42. LINA admits Plaintiff exhausted his administrative remedies for his long-term disability claim. LINA denies Plaintiff exhausted his administrative remedies for his waiver of life insurance premiums claim.

43. The allegations contained in Paragraph 43 are legal conclusions to which a response is not required. To the extent Paragraph 43 is deemed to allege facts, they are denied.

44. LINA denies the allegations contained in Paragraph 44.

45. The allegations contained in Paragraph 45 are legal conclusions to which a response is not required. To the extent Paragraph 45 is deemed to allege facts, they are denied.

46. The allegations contained in Paragraph 46 are legal conclusions to which a response is not required. To the extent Paragraph 46 is deemed to allege facts, they are denied.

47. The allegations contained in Paragraph 47 are legal conclusions to which a response is not required. To the extent Paragraph 47 is deemed to allege facts, they are denied.

48. LINA denies the allegations contained in Paragraph 48.

49. The allegations contained in Paragraph 49 are legal conclusions to which a response is not required. To the extent Paragraph 49 is deemed to allege facts, they are denied.

50. The allegations contained in Paragraph 50 are legal conclusions to which a response is

not required. To the extent Paragraph 50 is deemed to allege facts, they are denied.

51. The allegations contained in Paragraph 51 are legal conclusions to which a response is not required. To the extent Paragraph 51 is deemed to allege facts, they are denied.

52. The allegations contained in Paragraph 52 are legal conclusions to which a response is not required. To the extent Paragraph 52 is deemed to allege facts, they are denied.

53. The allegations contained in Paragraph 53 are legal conclusions to which a response is not required. To the extent Paragraph 53 is deemed to allege facts, they are denied.

54. The allegations contained in Paragraph 54 are legal conclusions to which a response is not required. To the extent Paragraph 54 is deemed to allege facts, they are denied.

55. The allegations contained in Paragraph 55 are legal conclusions to which a response is not required. To the extent Paragraph 55 is deemed to allege facts, they are denied.

56. The allegations contained in Paragraph 56 are legal conclusions to which a response is not required. To the extent Paragraph 56 is deemed to allege facts, they are denied.

57. The allegations contained in Paragraph 57 are legal conclusions to which a response is not required. To the extent Paragraph 57 is deemed to allege facts, they are denied.

58. The allegations contained in Paragraph 58 are legal conclusions to which a response is not required. To the extent Paragraph 58 is deemed to allege facts, they are denied.

59. The allegations contained in Paragraph 59 are legal conclusions to which a response is not required. To the extent Paragraph 59 is deemed to allege facts, they are denied.

60. The allegations contained in Paragraph 60 are legal conclusions to which a response is not required. To the extent Paragraph 60 is deemed to allege facts, they are denied.

61. The allegations contained in Paragraph 61 are legal conclusions to which a response is not required. To the extent Paragraph 61 is deemed to allege facts, they are denied.

62. The allegations contained in Paragraph 62 are legal conclusions to which a response is not required. To the extent Paragraph 62 is deemed to allege facts, they are denied.

63. The allegations contained in Paragraph 63 are legal conclusions to which a response is not required. To the extent Paragraph 63 is deemed to allege facts, they are denied.

64. The allegations contained in Paragraph 64 are legal conclusions to which a response is not required. To the extent Paragraph 64 is deemed to allege facts, they are denied.

65. The allegations contained in Paragraph 65 are legal conclusions to which a response is not required. To the extent Paragraph 65 is deemed to allege facts, they are denied.

66. The allegations contained in Paragraph 66 are legal conclusions to which a response is not required. To the extent Paragraph 66 is deemed to allege facts, they are denied.

67. The allegations contained in Paragraph 67 are legal conclusions to which a response is not required. To the extent Paragraph 67 is deemed to allege facts, they are denied.

68. The allegations contained in Paragraph 68 are legal conclusions to which a response is not required. To the extent Paragraph 68 is deemed to allege facts, they are denied.

69. The allegations contained in Paragraph 69 are legal conclusions to which a response is not required. To the extent Paragraph 69 is deemed to allege facts, they are denied.

**FIRST CAUSE OF ACTION**
**(Enforcement of Terms of Plan Action for LTD Benefits)**
**(ALL DEFENDANTS)**

70. LINA incorporates its responses to the allegations in Paragraphs 1 through 69 of the Complaint as if fully set forth herein.

71. LINA admits the allegations contained in Paragraph 71.

72. The allegations contained in Paragraph 72 are legal conclusions to which a response is not required. To the extent Paragraph 72 is deemed to allege facts, they are denied.

73. The allegations contained in Paragraph 73 are legal conclusions to which a response is not required.

74. The allegations contained in Paragraph 74 are legal conclusions to which a response is not required. To the extent Paragraph 74 is deemed to allege facts, they are denied.

75. The allegations contained in Paragraph 75 are legal conclusions to which a response is not required. To the extent Paragraph 75 is deemed to allege facts, they are denied.

76. The allegations contained in Paragraph 76 are legal conclusions to which a response is not required. To the extent Paragraph 76 is deemed to allege facts, they are denied.

77. The allegations contained in Paragraph 77 are legal conclusions to which a response is not required. To the extent Paragraph 77 is deemed to allege facts, they are denied.

78. The allegations contained in Paragraph 78 are legal conclusions to which a response is not required. To the extent Paragraph 78 is deemed to allege facts, they are denied.

### SECOND CAUSE OF ACTION
### (Enforcement of Terms of Plan Action for Life Waiver of Premium Benefits)
### (ALL DEFENDANTS)

79. LINA incorporates its responses to the allegations in Paragraphs 1 through 78 of the Complaint as if fully set forth herein.

80. LINA admits the allegations contained in Paragraph 80.

81. The allegations contained in Paragraph 81 are legal conclusions to which a response is not required. To the extent Paragraph 81 is deemed to allege facts, they are denied.

82. The allegations contained in Paragraph 82 are legal conclusions to which a response is not required.

83. The allegations contained in Paragraph 83 are legal conclusions to which a response is not required. To the extent Paragraph 83 is deemed to allege facts, they are denied.

84. The allegations contained in Paragraph 84 are legal conclusions to which a response is not required. To the extent Paragraph 84 is deemed to allege facts, they are denied.

85. The allegations contained in Paragraph 85 are legal conclusions to which a response is not required. To the extent Paragraph 85 is deemed to allege facts, they are denied.

86. The allegations contained in Paragraph 86 are legal conclusions to which a response is not required. To the extent Paragraph 86 is deemed to allege facts, they are denied.

87. The allegations contained in Paragraph 87 are legal conclusions to which a response is not required. To the extent Paragraph 87 is deemed to allege facts, they are denied.

### THIRD CAUSE OF ACTION
### (Attorneys' Fees and Costs) (ALL DEFENDANTS)

88. LINA incorporates its responses to the allegations in Paragraphs 1 through 87 of the Complaint as if fully set forth herein.

89. The allegations contained in Paragraph 89 are legal conclusions to which a response is not required. To the extent Paragraph 89 is deemed to allege facts, they are denied.

90. The allegations contained in Paragraph 90 are legal conclusions to which a response is not required.

91. The allegations contained in Paragraph 91 are legal conclusions to which a response is not required. To the extent Paragraph 91 is deemed to allege facts, they are denied.

92. The allegations contained in Paragraph 92 are legal conclusions to which a response is not required. To the extent Paragraph 92 is deemed to allege facts, they are denied.

93. The allegations contained in Paragraph 93 are legal conclusions to which a response is not required. To the extent Paragraph 93 is deemed to allege facts, they are denied.

94. The allegations contained in Paragraph 94 are legal conclusions to which a response is not required. To the extent Paragraph 94 is deemed to allege facts, they are denied.

95. The allegations contained in Paragraph 95 are legal conclusions to which a response is not required. To the extent Paragraph 95 is deemed to allege facts, they are denied.

## AFFIRMATIVE DEFENSES

1. LINA's decision as to Plaintiff's claims was reasonable and was not arbitrary, capricious, unreasonable, or erroneous as a matter of law.

2. LINA denies that Plaintiff is entitled to benefits under the Plans/Policies at issue. If the Court finds, however, that Plaintiff was entitled to benefits, the benefits payable to Plaintiff must be calculated in accordance with the applicable Plans/Policies including, but not limited to, a reduction by the amount of any Other Income Benefits received by the Plaintiff as defined under the applicable Plans/Policies and any other applicable overpayments.

3. If the Court determines that LINA materially erred in administering Plaintiff's claims for benefits under the terms of the applicable Plans and subject group policies or applicable law, which is denied, then the Court should remand the claim to LINA for further administrative processing in accordance with such determination before reaching any judicial decision as to Plaintiff's entitlement to benefits.

4. Plaintiff's claims are barred because Plaintiff has failed to demonstrate that he meets the Plans/Policies' definitions of disability or is otherwise entitled to benefits under the terms of the Plans and/or the subject policies.

5. To the extent that Plaintiff is asserting a claim for emotional distress, such claims are preempted and barred by the Employee Retirement Income Security Act of 1974, as amended.

6. To the extent that Plaintiff is asserting a claim for bad faith, such claims are preempted and barred by the Employee Retirement Income Security Act of 1974, as amended.

7. To the extent that Plaintiff is asserting any non-ERISA or common law claims, such claims are preempted and barred by the Employee Retirement Income Security Act of 1974, as amended.

8. Plaintiff failed to exhaust administrative remedies with respect to his life insurance waiver of premium claim.

9. Plaintiff's claims are barred by the applicable limitations period.

10. Plaintiff is not entitled to interest, attorney's fees, or costs.

11. LINA reserves the right to amend its answer and rely on such other and further defenses as may be supported by the facts to be determined.

Respectfully Submitted

The Defendant,

LIFE INSURANCE COMPANY OF NORTH AMERICA,

By its Counsel:

/s/Katherine R. Parsons
Katherine R. Parsons, Bar No.657280
CREVIER & RYAN, LLP
1500 Main Street, Suite 2316
Springfield, MA 01115-5727
Phone: (413) 787-2400
Fax: (413) 781-8235
Email: kparsons@crevierandryan.com

**CERTIFICATION**

I hereby certify that on, **June 30, 2023**, a copy of the foregoing **Answer to the Complaint** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/Katherine R. Parsons